**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99-cr-0286 (KBJ) |
| | ) | |
| GAVÁTA FIELDS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

On September 30, 1999, Defendant Gaváta Fields pled guilty to making
counterfeit securities in violation of section 513 of Title 18 of the United States Code.
Judge Ricardo M. Urbina sentenced her to prison time and restitution in the amount of
$32,572.51. (*See* Min. Order of Dec. 9, 1999.)  Fields was released on July 9, 2001 (*see*
Def.'s Mot. for Remission of Restitution ("Def.'s Mot."), ECF No. 25, at 1), and
according to the government, she began making intermittent payments in September of
2001 (Mem. in Opp'n, ECF No. 27, at 4 n.1.)  To date, a grand total of $13,924.74 has
been credited toward her restitution obligation.  (*See id.*)

Before this Court is Fields's *pro se* Motion for Remission of Restitution, which
she filed on April 17, 2019.  The government opposes Fields's motion.  This Court will
construe Fields's request as either a motion for adjustment of her restitution sentence
pursuant to 18 U.S.C. § 3664(k), or a motion for waiver of her restitution interest under
18 U.S.C. § 3612(f)(3).  Because Fields fails to satisfy the burden of proof under either
construction of her request, this Court will **DENY** her motion.

**I.**

In her Motion for Remission of Restitution, Fields cites no authority that authorizes this Court to grant the relief she is now seeking. In her motion, Fields explains that, because of accruing interest, the restitution debt "is a hinderance in every which way." (Def.'s Mot. at 1.) Fields further writes: "I really need to be able to function as a single adult and be able to healthily pay my bills and continue to live a legitimate positive and productive life." (*Id.*) Therefore, Fields asks for "immediate remission" of the "entire restitution in this matter, including all collected interests[.]" (*Id.*) In ascertaining the scope of its jurisdiction, this Court is cognizant that "[a] document filed *pro se* is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Therefore, the Court construes Fields's motion as either (A) a motion for adjustment of her restitution sentence pursuant to 18 U.S.C. § 3664(k), or (B) a motion for waiver of the restitution interest under 18 U.S.C. § 3612(f)(3).

**A.**

In evaluating Fields's requested relief, the Court first looks at the Mandatory Victims Restitution Act of 1996 ("MVRA"), which governs restitution. *See* 18 U.S.C. §§ 3663A, 3664. The MVRA "requires the court to award full restitution regardless of the defendant's financial circumstances." *United States v. Monzel*, 641 F.3d 528, 543 (D.C. Cir. 2011). "Although the MVRA restricts discretion in setting the amount of restitution, the statute expressly authorizes discretion in fashioning how a defendant is required to pay that amount." *United States v. Armstrong*, No. 09-cr-135, 2018 WL 5923913, at *5 (D.D.C. Nov. 13, 2018) (internal quotation marks and citation omitted).

To that end, a court may order "a single, lump-sum payment," "partial payments at specified intervals," "in-kind payments," "a combination of payments at specified intervals and in-kind payments," or "nominal periodic payments." 18 U.S.C. § 3664(f)(3)(A)-(B).

By enacting the MVRA, Congress recognized that "a significant number of defendants required to pay restitution under this act will be indigent at the time of sentencing . . . . [and that] many of these defendants may also be sentenced to prison terms as well, making it unlikely that they will be able to make significant payments on a restitution payment schedule." S. Rep. 104-179, at 21 (1996), *reprinted in* 1996 U.S.C.C.A.N. 924. However, Congress also expressly asserted that "these factors do not obviate the victim's right to restitution or the need that defendants be ordered to pay restitution," and it made restitution mandatory nevertheless. *Id.* Indeed, the only concession that Congress made to ease the financial burden was to "permit[] the court to order full restitution under a schedule of nominal payments in those instances where the defendant cannot pay restitution . . . . [or] amend the payment requirements" in light of "material changes" in economic circumstances. *Id.*

The MVRA further provides that a restitution "sentence can subsequently be (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title; (B) appealed and modified under section 3742; (C) amended under subsection (d)(5); or (D) adjusted under section 3664(k), 3572, or 3613A." 18 U.S.C. § 3664(o)(1). And courts have generally interpreted section 3664(o)(1) as an exclusive list. *See*, *e.g.*, *United States v. Wyss*, 744 F.3d 1214, 1217 (10th Cir. 2014) (reversing district court's reduction in the amount of restitution owed by a defendant on

the grounds that restitution may not be altered absent a showing of one of the

§ 3664(o)(1) factors).

Fields does not purport to contest her original sentence, nor does she argue that

the sentencing court erred in any way, thus neither section 3742 nor Rule 35 provides a

basis for correction or modification of her restitution order. Similarly, section

3664(d)(5) does not apply, because that provision pertains only to amendments to

restitution orders that result from a victim's "failure to include [some] losses in the

initial claim for restitutionary relief[.]" Thus, section 3664(k) is the only potentially

applicable grounds for "adjusting" Fields's restitution sentence. Under this section,

when notified "of a material change in the defendant's economic circumstances," the

Court is authorized to "adjust the payment schedule, or require immediate payment in

full, as the interests of justice require." *Id*. § 3664(k). This section "specifically

direct[s] that the doors of the district court should remain open to the defendant, and

that the court is free to revise its payment schedule at any time," and its purpose is to

make sure that "the defendant is not stuck, overwhelmed with an obligation [s]he

cannot meet and without the means to seek redress." *United States v. Dolan*, 571 F.3d

1022, 1032 (10th Cir. 2009) (Gorsuch, J.), *aff'd*, 560 U.S. 605 (2010).

When seeking an adjustment under section 3664(k), "[t]he petitioner bears the

burden of proving that [her] circumstances have changed enough to warrant such a

modification." *Hinton v. United States*, No. 99-cv-211, 2003 WL 21854935, at *4

(D.D.C. Aug. 5, 2003). The D.C. Circuit has not addressed the precise contours of what

constitutes a "material change" in a defendant's "economic circumstances." But other

circuits have. For instance, the Second Circuit has described this standard as "an

objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000) (finding the material change in economic circumstances standard satisfied where a prisoner's bank account was unfrozen after sentencing). The Eleventh Circuit describes the statute's requirement as "a bona fide change in the defendant's financial condition, either positive or negative." *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003) (finding a defedant's motion for modification inadequate because supported only by documentation of restitution payments made).

Fields has not established a basis for modifying her restitution order under either Circuit's conception of section 3664(k). It is clear that this section is triggered only by the movant's showing that there has been a "material change in . . . economic circumstances," *id.* § 3664(k), and Fields's motion does not allege *any* change in her financial conditions whatsoever. Rather, Fields makes conclusory allegations that it is hard for her to pay off the debt. *See, e.g.*, Def.'s Mot., at 1 (stating that the debt "is a hinderance in every which way," and that she "really need[s] to be able to function as a single adult and be able to healthily pay [her] bills and continue to live a legitimate positive and productive life."). That is not enough. What is more, even if Fields had demonstrated a material change in her ability to pay restitution, this Court is only authorized to "adjust[]" Fields's "payment schedule," 18 U.S.C. § 3664(k), by requiring "nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments," *id.* §

3664(f)(3)(B). That is, the statute does not grant this Court the authority to order full remission of the restitution sentence, as Fields requests.

**B.**

Another possible statutory basis of authority for this Court to consider Fields's request is 18 U.S.C. § 3612(f)(3), which provides that, "[i]f the court determines that the defendant does not have the ability to pay interest" on a fine or restitution, it may "(A) waive the requirement for interest; (B) limit the total of interest payable to a specific dollar amount; or (C) limit the length of the period during which interest accrues." Liberally construed, Fields's request might be deemed a motion to waive or limit the total interest due on her restitution under section 3612(f)(3),

There has been some disagreement among federal courts as to whether section 3612(f)(3) authorizes a district court to modify interest payments after sentencing. *Compare United States v. Coleman*, 319 F. App'x 228, 230 (4th Cir. 2009) (per curiam) (holding that 18 U.S.C. "§ 3612(f)(3) permits the court, post-judgment, to waive or limit the payment of interest upon a finding that the defendant is unable to pay interest") *with United States v. Brumfield*, 125 F. Supp. 3d 648, 651 (W.D. Mich. 2015) (concluding that 18 U.S.C. "§ 3612(f)(3) does not grant district courts jurisdiction to modify an interest obligation after the sentence has been imposed"). However, even assuming, in contrast with the government's argument, that subsection 3612(f)(3) permits post-judgement relief,[1] Fields's request must be denied, because this statutory

---

[1] As a purely textual matter, subsection 3612(f)(3) contains no temporal limitation on when a court may waive or limit the amount of interest owed. What is more, section 3612 is titled "Collection of Unpaid Fine or Restitution," and its subsections all pertain to post-judgment collection matters. *See, e.g.*, 18 U.S.C. § 3612(a) (notification of payments); *id*. at § 3612(d)–(e) (delinquency and default). Moreover, section 3612 itself appears in a chapter titled "Postsentence Administration," along with provisions on probation administration and release from incarceration. 18 U.S.C. Ch. 229.

provision does not provide the Court with unlimited discretion to determine whether interest should be waived or limited. Congress only authorized reconsideration where "the court determines that the defendant does not have the ability to pay interest under this subsection." 18 U.S.C. § 3612(f)(3). And Fields has made no claim that she does not have the ability to pay interest, much less provided any evidence to that effect. Therefore, the Court is unable to make any determination concerning Fields's ability to pay.

## II.

Because Fields has failed to meet her burden to show that her economic circumstances have changed or that she is unable to make payments on her restitution, it is hereby

**ORDERED** that Fields's Motion for Remission of Restitution is **DENIED**.

DATE: December 23, 2019                    *Ketanji Brown Jackson*
                                                               KETANJI BROWN JACKSON
                                                               United States District Judge